**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mobile Mini Incorporated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Steven G. Bunger, et al.,<br><br>　　　　　　Defendants. | No. CV-15-01648-PHX-DGC<br><br>**ORDER** |

Plaintiff Mobile Mini, Inc. moves to voluntarily dismiss without prejudice its patent infringement claim against Defendants Pro Box Portable Storage, LLC and Steven G. Bunger, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Doc. 84. The Court will grant Plaintiff's motion and dismiss this action.

**I.　Background.**

Plaintiff filed this case on August 21, 2015. Plaintiff asserted state law claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contract, civil conspiracy, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Doc. 1. Plaintiff also alleged that Defendants Bunger and Pro Box infringed Plaintiff's '243 Patent in violation of 35 U.S.C. § 271(a). *Id.* at 17. The patent claim is Plaintiff's only federal claim, and it provided the basis for this Court's subject matter jurisdiction. *Id.* at 4.

Defendants served requests for production of documents related to the patent infringement claim on November 12, 2015. Doc. 94 at 3. Plaintiff responded that

"Mobile Mini will produce non-privileged documents responsive to this request, which are proportionate to the needs of this case." Doc. 94-1 at 2-9. To date, Plaintiff has not produced any documents related to the patent infringement claim. Doc. 94 at 3.[1]

Plaintiff submits that it is moving to dismiss its patent infringement claim for strategic reasons. Doc. 84 at 3. Defendants do not dispute that assertion, but request that the Court either dismiss the patent claim with prejudice or condition dismissal on the production of documents so that Defendants can assess the propriety of moving for Rule 11 sanctions. Doc. 94 at 5.

## II.     Voluntary Dismissal.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Unless stated otherwise, a dismissal is without prejudice. *Id.* The purpose of Rule 41(a)(2) "is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by the dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). The district court's main inquiry when ruling on a motion for voluntary dismissal is "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

A defendant suffers "plain legal prejudice" when voluntary dismissal prejudices a legal interest, legal claim, or legal argument. *Id.* at 97. Neither the inconvenience of having to defend a claim in a different forum nor the tactical advantage plaintiff gains from dismissal is sufficient to establish plain legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)). The Ninth Circuit has held that expenses a party incurs in defending against a claim do not constitute legal prejudice, but that a court may condition

---

[1] The Court notes that Plaintiff's Rule 34 responses were dated January 14, 2016 (Doc. 94-1 at 10), after the recent amendments to the Federal Rules of Civil Procedure went into effect. The responses violated Rule 34(b)(2)(B) by failing to produce documents or specify a date on which production would occur.

- 2 -

1  dismissal without prejudice "upon payment of appropriate costs and attorney fees" in
2  order to protect the defendants' interests. *Westlands*, 100 F.3d at 97 (citing *Hamilton*,
3  679 F.2d at 146). Courts are not required to impose costs and fees when they dismiss
4  actions without prejudice under Rule 41(a)(2). *Id.*

5       Defendants argue that they have incurred substantial expenses defending against
6  the patent claim. Doc. 94 at 4-6. But Defendants do not requested that the Court
7  condition dismissal on payment of costs and attorney fees.

8       Defendants contend that the Court should require Plaintiff's compliance with
9  discovery requests so they can assess Rule 11 sanctions, but they provide no explanation
10 of why they believe such sanctions might be warranted. Defendants state only that the
11 requested documents "could" reveal that Plaintiff brought its patent claim in bad faith.
12 *Id.* Defendants cite no case where a court has conditioned a voluntary dismissal on
13 document production. Because the Court finds that dismissal of Plaintiff's patent claim
14 will not cause Defendants to suffer plain legal prejudice, Plaintiff's motion will be
15 granted. The Court will not dismiss the claim with prejudice or require the production of
16 documents.

17 **III.    Dismissal of Remaining State Law Claims.**

18      Upon dismissal of Plaintiff's only federal claim, the Court has discretion to
19 dismiss the remaining state law claims under 28 U.S.C. § 1367(c)(3). "To decline
20 jurisdiction under section 1367(c)(3), the district court must first identify the dismissal
21 that triggers the exercise of discretion and then explain how declining jurisdiction serves
22 the objectives of economy, convenience and fairness to the parties, and comity." *Trs. Of*
23 *Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape and Maint.,*
24 *Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

25      Plaintiff's remaining state law claims are most properly addressed by the courts of
26 Arizona – courts charged with administering the laws of Arizona and more familiar with
27 state law claims. Courts have recognized that when all federal claims are eliminated
28 early in a case and only state claims remain, the district court has "a powerful reason to

choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-51 (1988); *see Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (holding that the district court properly declined to exercise supplemental jurisdiction after granting defendants' motion to dismiss federal claims). This case is early in discovery; no depositions have been taken, no expert reports produced. Defendants do not contend that they would be prejudiced by dismissal; indeed, they do not object to it. Doc. 94 at 5. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

**IT IS ORDERED:**

1. Plaintiff's motion to voluntarily dismiss the patent claim without prejudice (Doc. 84) is **granted**.

2. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and will dismiss this action.

3. The Clerk is directed to **terminate** this action.

Dated this 21st day of April, 2016.

David G. Campbell
United States District Judge